Daniel Jesus **CERRILLO-BENITEZ**, Petitioner,

v.

Alberto **GONZALES,**[*] **Attorney General, Respondent.**

No. 03–73359.

United States Court of Appeals, Ninth Circuit.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General.

Submitted Feb. 14, 2005.**

Decided Feb. 16, 2005.

Regional Counsel, Western Region, Laguna Niguel, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stephen J. Flynn, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMAS, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM ***

Petitioner Daniel Jesus Cerrillo–Benitez appeals the decision of the Board of Immigration Appeals (BIA) reversing the immigration judge's (IJ) grant of cancellation of removal and ordering Petitioner to depart voluntarily within thirty days. In light of our recent decision in *Molina–Camacho v. Ashcroft*, 393 F.3d 937 (9th Cir.2004), we construe the petition for review as a petition for writ of habeas corpus and transfer the petition to the district court.

At his initial hearing before the IJ, Petitioner conceded removability but applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The IJ granted relief, concluding that Petitioner had established "that removal would result in exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). The BIA initially affirmed without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4). On the government's motion to reconsider, however, the BIA vacated its previous order on the ground that Petitioner had failed to demonstrate extremely unusual hardship. The BIA ordered Petitioner removed to Mexi-

Samuel Ogbu, Esq., Emeziem & Ogbu, LLP, Emeryville, CA, for Petitioner.

Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

co, but granted him thirty days within which to depart voluntarily.

Petitioner challenges the BIA's decision on the grounds that the government's motion for reconsideration was barred by 8 C.F.R. § 1003.2(b)(3) and that the BIA violated his right to due process by not granting an extension of time to file an additional brief. We do not reach those issues because we lack jurisdiction over Petitioner's appeal.

In *Molina–Camacho,* as in this case, the BIA reversed an IJ's determination that the petitioner had demonstrated eligibility for cancellation of removal. Rather than remanding to the IJ, the BIA entered an order of removal in the first instance. Relying on *Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 882 (9th Cir.2003), which held that only an IJ may enter an order of removal in the first instance, we concluded that "[t]he BIA's *ultra vires* act of issuing the order of removal renders that portion of the proceedings a 'legal nullity.' " *Molina–Camacho,* 393 F.3d at 941–42 (quoting *Noriega–Lopez,* 335 F.3d at 884); *see also Noriega–Lopez,* 335 F.3d at 883 (noting that the "BIA ... is restricted to affirming such orders, not issuing them in the first instance"). Given the absence of a valid final order of removal, we concluded that we lacked jurisdiction under 8 U.S.C. § 1252 to entertain the petition for review. But that petition could be reviewed as a habeas petition under 28 U.S.C. § 2241. Accordingly, we treated the petition for review as a petition for writ of habeas

corpus and transferred the petition to the district court under 28 U.S.C. § 1631. *Molina–Camacho,* 393 F.3d at 942.

*Molina–Camacho* is factually indistinguishable from the present case and requires the same result.[1] Because there is, as yet, no valid final order of removal, we lack jurisdiction to hear the merits of the petition for review. Accordingly, we construe the petition for review as a petition for writ of habeas corpus and order it transferred to the United States District Court for the Northern District of California, San Francisco division, pursuant to 28 U.S.C. § 1631. *See Cruz–Aguilera v. INS,* 245 F.3d 1070, 1074 (9th Cir.2001) (holding that transfer is appropriate under § 1631 "if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interests of justice"). Upon transfer, Petitioner may make any necessary amendments to perfect the form of the petition.[2]

TRANSFERRED.

---

1. In this case, the BIA granted voluntary departure in lieu of removal. As we have explained elsewhere, "a determination concerning voluntary departure is one of those determinations made during the deportation hearing that form part of the final order of deportation." *Contreras–Aragon v. INS,* 852 F.2d 1088, 1092 (9th Cir.1988) (en banc) (superseded by statute on other grounds). Therefore, the order granting voluntary departure in lieu of removal constitutes a "final

order of removal" within the meaning of 8 U.S.C. § 1252.

2. The district court should remand to the IJ for further proceedings. *Noriega–Lopez,* 335 F.3d at 884. "If the IJ issues a removal order, the normal course of appeal will bring the matter within our appellate jurisdiction, allowing [Petitioner] to argue the merits of his claim to this court." *Molina–Camacho,* 393 F.3d at 942 n. 4.